Geoghegan, J.
Heard on demurrer to petition.
The plaintiff is the divorced husband of the defendant Wilhelmina Bogen, and seeks to engraft a resulting trust upon certain property appearing of record in the name of the said Wilhelmina Bogen.
The petition recites that certain premises on Harrison avenue in the city of Cincinnati were acquired by the defendant Wilhelmina Bogen as “part of the salvage in her name of part of the debt of her father to plaintiff’s firm, out of the bankruptcy of her father’s estate,” and that the defendant Wilhelmina Bogen was enabled to erect a building on said premises in the sum of $595 out of the earnings of the plaintiff, and that the property on Linden avenue was acquired by reason of the income derived from the Harrison avenue property, and that' the title to the Linden avenue property was taken in the said Wilhelminia Bogen’s name for their joint protection.
*448 The plaintiff then recites that the defendant Wilhelmina Bogen obtained a decree of divorce against him in the insolvency-court, which barred him from'their home, and he now seeks to have a trust declared in his favor upon the premisses described in the petition.
Assuming that, in so far as'the allegations with reference to the manner in which the property was acquired, the plaintiff sets up a good cause of action, there is no question but what the allegation that a divorce was obtained from him by his wife on account of his aggression in the insolvency court of this county, renders his petition demurrable.
It has been the policy of this state to have settled in actions between the same parties all questions which might have been litigated in the case.
The rule is stated with absolute clarity in Petersine v. Thomas, 28 O. S., 597, in the first proposition of the syllabus:
“When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at .an end, not only as to what was determined, but also as to every other question which the parties might- have litigated in the ease.”
It is plain from the reading of this petition that all matters sought to be determined herein could and should have been determined by the insolvency court in the divorce proceeding. At that time the insolvency court had jurisdiction in matters of divorce and alimony concurrent with the common pleas court. It would be more than passing strange that if, after the husband and wife had their day in court, and their respective rights adjudicated in the divorce proceeding, the husband could some years later come into the common pleas court and seek to have a trust engrafted upon property held of record in his former wife’s name, alleging as his reason therefor that the property was enhanced in value by reason of what he contributed out of his earnings during the continuance of the marital relation. This- is contrary entirely to the spirit and policy of the law governing such matters, and the demurrer will therefore be sustained.